UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WAGLEY, ET AL

VERSUS

STATE NATIONAL INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-98-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 12, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER WAGLEY, ET AL

VERSUS

STATE NATIONAL INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-98-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by the plaintiffs Christopher and Jennifer Wagley.  Record document number 7.  The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be granted.

**Background**

Plaintiffs are Louisiana citizens who filed a Petition for Damages in state court on February 16, 2012 to recover damages for injuries arising from of a multiple vehicle accident that resulted in their vehicle being hit from the rear.[2]  Three other vehicles were involved in the accident: (1) the vehicle driven by William Haygood, which was immediately behind the plaintiffs' vehicle; (2)

---

[1] Record document number 8, Memorandum in Opposition filed by defendants Winburn Milk Company and State National Insurance Company.

[2] Plaintiff Christopher Wagley was the driver and his spouse Jennifer Wagley was the passenger.  Each plaintiff alleged a claim for their own personal injuries and a loss of consortium claim. Record document number 1-1, Petition for Damages, ¶¶ 2, 7-12.

the vehicle driven by Anselmo D. Servin, which was behind Haygood's vehicle; and (3) the truck driven by Vestal A. Roark, an employee of Winburn Milk Company, Inc., which was behind Servin's vehicle. In their state court Petition for Damages, the plaintiffs named as defendants their uninsured motorist carrier Gramercy Insurance Company, Roark, Winburn Milk and its insurer State National Life Insurance Company, Haygood and his insurer USAA Casualty Insurance Company, and Servin and his insurer Southern Casualty Insurance Company.

Defendants Winburn Milk and State National Life Insurance Company removed the case based on diversity jurisdiction. Defendants alleged in their notice of removal that complete diversity exists and the case was properly removed based on the following: (1) plaintiffs are Louisiana citizens and both Winburn and State National are Texas corporations with their principle place of business in Texas; (2) Louisiana defendants Haygood and Servin and their insurers were improperly joined; (3) the remaining defendants did not have to consent to the removal because Roark was never served and Gramercy Insurance Company is a nominal defendant;[3] (4) the allegations of the petition and the plaintiffs' responses to requests for admissions show that the amount in

---

[3] According to the defendants' Notice of Removal, Gramercy is in receivership, and defendant State National's liability insurance limits of $1,000,000 exceed the amount of damages sought by the plaintiffs. Record document number 1, Notice of Removal, ¶ 6.

2

controversy satisfies the jurisdictional amount;[4] and, (5) the suit was timely removed within 30 days after Haygood and Servin responded to requests for admissions which established that they were improperly joined.[5]

Plaintiffs moved to remand on several grounds.  On the question of diversity, the plaintiffs argued that diversity is lacking because Louisiana defendants Haygood and Servin were properly joined.[6]  Plaintiffs also argued that the removal was defective because all of the properly joined and served defendants did not join in or consent to the removal, and the removal was untimely because the case was removed well over 30 days after service was make on Winburn Milk and State National.

Based on the applicable law and the analysis which follows, the plaintiffs' Motion to Remand should be granted because the defendants have failed to establish improper joinder and there is no complete diversity.  However, costs and attorney's fees under 28

---

[4] Record document number 1-5, Defendants' exhibit 4.

[5] Servin and Haygood both stated in their respective Responses to Request for Admissions that prior to the accident they brought their vehicles to a complete stop due to traffic in front of them, and then they were struck from behind and forced into the vehicle in front of them.  Record document number 1-7, Exhibit 6.

[6] Plaintiffs pointed relied on Christopher Wagley's deposition testimony and state court pleadings which show the removing defendants pled defenses of negligence of a third party and the sudden emergency doctrine.  Record document numbers 7-2, Exhibits 2 and 3.  Servin's answer, attached to the Notice of Removal, shows he also pled these defenses.  Record document number 1-1, pp. 78-81.

U.S.C. § 1447(c) should not be awarded.

## Applicable Law

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, it means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question

4

of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The controlling state law here is the Louisiana statute and case law related to negligence, burden of proof and defenses in rear-end collisions.

LSA-R.S. 32:81(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Under this statute a well established presumption exists that in rear-end collisions the following driver is presumed negligent. To rebut the presumption and avoid liability, the following motorist has the burden of proving that he was not negligent by showing that he had his vehicle under control, closely observed the lead vehicle, and followed it at a safe distance under the circumstances. Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided, which is known as the "sudden emergency

5

doctrine."[7]  When other vehicles are able to stop behind the lead vehicle, the last one which precipitated the chain reaction collision is negligent.  *Knowles v. McCright's Pharmacy, Inc.*, 34,559 (La.App. 2 Cir. 4/4/01), 785, So.2d 101, 104; *Domingo v. State Farm Mutual Automobile Ins. Co.*, 10-264 (La.App. 5 Cir. 11/9/10), 54 So.3d 74, 80-81; *King v. State Farm Ins. Co.*, 47, 368 (La.App. 2 Cir. 8/8/12), 104 So.3d 33, 38.

There is no automatic entitlement to an award of attorney fees under § 1447(c).  The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary.  The Supreme Court set forth the standard for awarding fees under § 1447© in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to

---

[7] The defense of sudden emergency is treated as one of the factual considerations used in assessing the degree of fault to be attributed to a party.  *King*, *supra*.

>disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

The removing defendants have the burden of establishing the improper joinder of Haygood and Servin by demonstrating that the plaintiffs have no reasonable possibility of recovery against them. Defendants support for the removal fails to carry their burden. Defendants relied on the admissions of Haygood and Servin that they were completely stopped, hit from behind and pushed into the vehicle in front of them.  Acknowledging that plaintiff Christopher Wagley's testimony was not clear, the defendants also relied on Wagley's deposition testimony which they contend establishes that

he only felt one impact.[8]  However, the defendants' argument ignores the other portion of the deposition excerpt in which the plaintiff essentially stated that he felt more than one impact.[9] The evidence, considered as a whole, is sufficient to create a factual dispute about how the accident occurred.  Viewing this evidence in light of the standard governing improper joinder - all disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of the plaintiffs - it cannot be said there is no reasonable basis for this court to predict that the plaintiffs might be able to recover against Haygood or Servin. Defendants' failure to establish that the joinder of Louisiana defendants Haygood and Servin was improper means complete diversity is lacking and the case must be remanded for lack of subject mater jurisdiction.[10]

Under the standards governing discretionary awards of fees and costs, an award is not justified in this case.  At the time of removal, the defendants' had an arguable and reasonable basis for the removal given the Louisiana defendants' admissions and Wagley's equivocal testimony about what he experienced when the accident

---

[8] Record document number 1-8, Defendants exhibit 7, Christopher Wagley deposition, pp. 140-43.

[9] *Id.*, pp. 137-42.

[10] It is not necessary to address the plaintiffs' remaining arguments in support of remand, because they are all dependent on the issue of improper joinder.

occurred. Irrespective of the ultimate determination that Haygood and Servin were not improperly joined, at the time of removal the defendants did not lack an objectively reasonable basis for seeking removal. Under § 1447(c) the plaintiffs are not entitled to payment of costs and expenses, including attorney fees, incurred as a result of the removal.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the motion to remand filed by plaintiffs Christopher and Jennifer Wagley be granted.

Baton Rouge, Louisiana, April 12, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE